IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEENAN DAVIS,** | : | CIVIL ACTION NO. 1:22-CV-657 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN, SCHUYLKILL FCI,** | : | |
| Respondent | : | |

## MEMORANDUM

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2241. Petitioner, Keenan Davis, asserts that the United States Bureau of Prisons ("BOP") has failed to give him earned time credit pursuant to the First Step Act ("FSA") and seeks compassionate release based on the COVID-19 pandemic. We will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.      Factual Background & Procedural History**

Davis is currently incarcerated in the Schuylkill Federal Correctional Institution ("FCI-Schuylkill") serving a 100-month sentence imposed by the United States District Court for the Northern District of Indiana for possession of a firearm by a felon. See United States v. Davis, 1:16-CR-55-1 (N.D. Ind. Aug. 30, 2017). He filed the instant petition on April 6, 2022, in the Northern District of Indiana, and the court received and docketed the petition on April 11, 2022. (Doc. 1 at 9). Davis asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id. at 6). He also seeks compassionate release based on the risks posed by the

COVID-19 pandemic.  (Id. at 7).  The case was transferred to this district on May 4, 2022.  (Doc. 4).

Respondent responded to the petition on June 3, 2022.  (Doc. 12). Respondent argues that Davis's FSA argument should be dismissed for failure to exhaust administrative remedies or, alternatively, that it should be denied on its merits.  (Id. at 7-11).  Respondent additionally argues that Davis's compassionate release claim should be dismissed because this court lacks subject matter jurisdiction over the claim.  (Id. at 5-7).  Davis has not filed a reply brief, and the deadline for doing so has expired under the Local Rules.  The petition is accordingly ripe for review.

**II.    Discussion**

28 U.S.C. § 2241 does not contain an explicit statutory exhaustion requirement, but our court of appeals has consistently required a petitioner to exhaust administrative remedies before filing a Section 2241 petition.  Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy."  Id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Exhaustion is not required when it would not promote these goals, such as when exhaustion would be futile.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).

2

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). First, an inmate should attempt informal resolution of the issue with the appropriate staff member. Id. § 542.13(b). If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the warden within twenty (20) calendar days "following the date on which the basis for the Request occurred." Id. § 542.14(a). The warden is to respond to the request within twenty (20) calendar days. Id. § 542.18. An inmate dissatisfied with the warden's response may appeal, using the BP-10 form, "to the appropriate Regional Director within 20 calendar days of the date the warden signed the response." Id. § 542.15(a). Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response." Id. The General Counsel's response is due within forty (40) calendar days; however, the time period for response may be extended by twenty (20) days. Id. § 542.18.

Davis's petition indicates that he did not seek an administrative remedy with respect to his FSA claim. (Doc. 1 at 2). Respondent accordingly argues that the claim should be dismissed for failure to exhaust administrative remedies. (Doc. 12 at 7-10). Respondent attaches a declaration from Matthew Lavelle, an attorney employed by the BOP who reviewed Davis's administrative remedy history with the BOP. (Doc. 12-1 at 3-5). Lavelle indicates that Davis has pursued four administrative remedy requests through all stages of the BOP's administrative

3

remedy program, but none of those four requests pertained to the FSA. (Id. at 3-4). Davis has not refuted the contention that he has failed to exhaust administrative remedies through the filing of a reply brief or any other document. Accordingly, we will dismiss his FSA claim without prejudice for failure to exhaust administrative remedies.

We will also dismiss Davis's compassionate release claim without prejudice because this court lacks subject matter jurisdiction to hear the claim. Motions for compassionate release must be addressed to the sentencing court. United States v. Raia, 954 F.3d 594, 596 (3d Cir. 2020).

### III. Conclusion

We will dismiss the petition for writ of habeas corpus without prejudice. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: November 9, 2022